## A92A2062. ANDREWS v. THE STATE.
(427 SE2d 841)

BLACKBURN, Judge.

The defendant, Robert Lee Andrews, appeals from the twenty-year sentence entered after a pre-sentence hearing upon his plea of guilty to two counts of robbery by force. Pursuant to OCGA § 17-10-7, the defendant was sentenced as a recidivist to thirteen years imprisonment followed by seven years of probation on each count, to serve concurrently. The defendant contends that during the pre-sentence hearing, the trial court erred in considering testimony about pending charges that had been made against him by his ex-wife as aggravating circumstances because he was not provided with prior notice as required by OCGA § 17-10-2.

At the pre-sentence hearing, the state did not present any evidence of the pending charges in its case in chief, but introduced certified copies of the defendant's previous convictions as required under OCGA § 17-10-7 and the direct testimony of a detective who was familiar with both of the robberies in question. The defendant, however, presented nine character witnesses and testified in his own behalf in mitigation of the punishment. On direct examination of seven of these witnesses, the defendant asked questions about the pending rape, aggravated assault, kidnapping and forgery charges that had been asserted against him by his ex-wife. In addition, the defendant discussed the pending charges during his testimony on direct, but objected to the state's cross-examination of him on the pending charges. The trial court overruled the objection. This appeal followed.

In his sole enumeration of error, the defendant asserts as error the trial court's consideration of the pending charges as aggravating circumstances at the pre-sentence hearing when the state did not provide the defendant with requisite notice pursuant to OCGA § 17-10-2 (a). Although OCGA § 17-10-2 provides that evidence in aggravation of punishment is not admissible at a pre-sentence hearing unless the

state has provided the defendant with notice before trial, we find that notice was not required in this case. "Since the State was not introducing evidence in aggravation, but cross-examining the witness to determine the basis of the witness' testimony, OCGA § 17-10-2 was not applicable." *Clark v. State*, 186 Ga. App. 106, 110 (6) (366 SE2d 361) (1988). See also *Christenson v. State*, 261 Ga. 80, 90 (8) (402 SE2d 41) (1991). Further, as this Court has noted in *Lockett v. State*, 188 Ga. App. 645, 646 (373 SE2d 768) (1988), " '[i]t was appellant, on direct examination, who introduced the topic. He cannot now complain that the prosecutor followed up on cross-examination. (Cit.)' [Cits.]" Consequently, the appellant's enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 15, 1993.

*James A. Yancey, Jr.*, for appellant.
*Glenn Thomas, Jr., District Attorney, Stephen G. Scarlett, Assistant District Attorney*, for appellee.