## A99A1120. DUNN v. THE STATE.
### (519 SE2d 503)

BLACKBURN, Presiding Judge.

Lamont Dunn appeals, following a jury trial, the denial of his motion for new trial, contending that the evidence does not support his convictions of burglary and armed robbery and that the trial court erred by admitting his custodial statement into evidence. For the reasons which follow, we affirm.

1. In separate enumerations of error, Dunn contends that the evidence at trial failed to establish all of the elements of burglary or armed robbery. One commits the offense of burglary when "without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, . . . designed for use as the dwelling of another." OCGA § 16-7-1 (a). "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a). Dunn argues that the evidence does not show the element of his intent to commit theft. We disagree.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Dunn] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a rea-

sonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence.

(Citations and punctuation omitted.) *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

Viewed in this light, the evidence shows that in the early morning hours of August 11, 1997, Dunn and another man broke into an apartment at 430 Fairhope Street in Augusta where Tameka Pollard and Christopher Dunbar lived. Dunn and his co-assailant awoke Pollard and Dunbar and drove them from their beds at gunpoint. Dunn repeatedly demanded money from the victims. While Dunn and his co-assailant ransacked the apartment, Pollard and Dunbar were held at gunpoint. Then Dunn and his co-assailant forced the victims, at gunpoint, outside to Dunbar's car, and the car was loaded with the items taken from the apartment. As his co-assailant drove off in Dunbar's car, Dunn left the scene in another car.

Dunn argues that this evidence shows he was merely present at the time of the crime. We disagree. Although,

[p]resence at the scene of a crime, even when coupled with knowledge and approval, not amounting to encouragement, is not sufficient to show that defendant is a party . . . , criminal intent may be found by the jury upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.

(Citations and punctuation omitted.) *Norris v. State*, 220 Ga. App. 87, 89 (2) (469 SE2d 214) (1996). The evidence here was sufficient to support the jury's finding of intent and, consequently, sufficient to support the jury's finding that Dunn was guilty, beyond a reasonable doubt, of burglary and armed robbery. See *Jackson*, supra.

Dunn erroneously contends that because he had broken into the apartment in the early morning hours to recover money he believed was owed to him, he did not have the requisite intent. Even assuming this was his purpose, the convictions of burglary and armed rob-

bery are supported by the evidence. See *Hamby v. State*, 206 Ga. App. 791 (1) (426 SE2d 670) (1992) (violent taking of property not excused by claim of debt).

2. Dunn contends the trial court erred by admitting into evidence his incriminating custodial statement. Dunn argues that his statement was not voluntary because he contends that the investigator testified for the first time at trial that he had prompted Dunn by telling him what the victims had reported. However, at the voluntariness hearing conducted pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), the trial court considered Dunn's statement in light of the investigator's prompting and determined that Dunn's statement was voluntary.

> The burden is on the prosecution to show the voluntariness of a custodial statement by a preponderance of the evidence. Factual and credibility determinations of this sort made by a trial judge after a voluntariness hearing must be accepted by appellate courts unless such determinations are clearly erroneous.

(Citations and punctuation omitted.) *Tucker v. State*, 231 Ga. App. 210, 212 (1) (a) (498 SE2d 774) (1998). We find no error in the trial court's determination.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 16, 1999.

*Samuel W. Cruse*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.