## A00A0916. YOUNG v. THE STATE.
### (538 SE2d 760)

MILLER, Judge.

A jury found Dwayne Young guilty of one count of armed robbery and one count of aggravated assault. The trial court merged the aggravated assault count into the armed robbery count and sentenced him to life without parole under the Georgia recidivist statute. After the denial of his motion for new trial, Young appeals, enumerating as error the general grounds as well as (1) ineffective assistance of counsel, (2) the State's failure to properly notify him of the intent to use his prior convictions in aggravation of punishment, and (3) the denial of due process of law because of a delay in receiving the trial and sentencing transcript. We affirm.

1. Young contends that the evidence was insufficient to sustain his convictions. The standard of review is whether, upon viewing the evidence in the light most favorable to the jury's verdict, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1] An appellate court determines only the legal sufficiency of the evidence and does not weigh the evidence or assess the credibility of the witnesses.[2]

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Dunn v. State*, 245 Ga. App. 579 (1) (519 SE2d 503) (1999).

Viewed in this light, the evidence showed that Young entered an Eckerd's store, spoke with a store employee, and shopped for five or ten minutes. During this time the manager of the store returned from the bank and began to make a deposit of cash into a cash box. Young asked the employee for change for a dollar, whereupon the employee asked the manager for change, when Young pulled out a gun and demanded money. Young took money out of the drawer, placed it in an Eckerd's bag, and began to exit the store. The employee and the manager "moved back because [Young] still had the gun close enough to [their] faces. . . ." While the manager telephoned police, the employee chased Young, catching the attention of a state patrolman who was nearby. After fleeing into a wooded area, Young was apprehended and arrested. The manager's keys and the missing money were found on the ground near where Young was lying.

Clearly, a rational trier of fact could have found the defendant guilty, beyond a reasonable doubt, of violating both OCGA §§ 16-5-21 (a)[3] and 16-8-41 (a).[4] The two victims identified Young as the man who robbed the store at gunpoint and then fled, still brandishing the gun. Young was arrested less than ten minutes later with the stolen property near his person. At the time of his arrest Young had a gun similar to the one described by the victims. Thus, the evidence sufficed to sustain the conviction.

2. Young contends that he was denied effective assistance of counsel. To prove ineffective assistance, Young must show that (1) his counsel's performance was deficient, and (2) this deficiency so prejudiced his defense that a reasonable probability exists that the trial's result[5] would have been different but for that deficiency.[5] Unless a defendant can make both showings, the conviction or sentence did not result from a breakdown in the adversary process that rendered the result unreliable.[6] The trial court's finding that an accused has not been denied effective assistance will be affirmed on appeal unless that determination is clearly erroneous.[7]

Young's counsel was appointed two weeks prior to trial after Young dismissed his former counsel. He contends that the defense strategy raised by his attorney at trial was not a strategy that would

[3] A person commits aggravated assault when he or she assaults with intent to murder, rape, or rob.

[4] A person commits armed robbery when, with intent to commit theft, he or she takes the property of another from the person or the immediate presence of another by use of an offensive weapon.

[5] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Etheridge v. State*, 228 Ga. App. 788, 789 (2) (492 SE2d 755) (1997).

[6] *Strickland*, supra, 466 U. S. at 687 (III).

[7] *Johnson v. State*, 214 Ga. App. 77, 78 (1) (447 SE2d 74) (1994).

relieve him of the charges and was thus ineffective. Trial counsel testified that the defense presented was the only defense Young provided to him to counteract eyewitness testimony to the crime and that he believed the defense "feasible." The actions of trial counsel here were a matter of trial strategy and do not fall outside the wide range of professional conduct.[8]

Young further argues that his counsel (1) never discussed the theory of the case with him until trial began, (2) failed to interview witnesses face to face, and (3) failed to request a continuance. But tactical decisions do not equate with ineffective assistance of counsel.[9] And "there exists no magic amount of time which a counsel must spend in preparation for trial in order to provide a client with adequate counsel. Each case must be judged upon its own circumstances and in light of its own degree of complexity."[10] Trial counsel testified that previous counsel kept copious notes and "spoon-fed [him] everything," and that he felt well prepared for trial. He also testified that he met with Young several times on the morning of trial and discussed the case with him on and off during voir dire and on breaks. Young has pointed to no particular complexity in his case. We hold that evidence supported a finding that Young failed to show how his counsel's performance was deficient. Thus, the court did not clearly err in finding that Young received effective assistance.

3. Young asserts that the State failed to properly notify him of its intent to seek recidivist punishment. He concedes that he received a copy of the Georgia Crime Information Center report and the disclosure statement, but argues that this notice was inadequate in that it (i) did not specify which convictions would be used against him, (ii) referred to OCGA § 17-10-2 instead of OCGA § 17-10-7 (b) (2), and (iii) failed to inform him that he was facing the possibility of life without parole.

The record, however, indicates that Young had proper notice. The disclosure certificate includes Young's GCIC criminal history, including convictions for armed robbery, and states that *all* convictions will be used in aggravation of punishment pursuant to OCGA § 17-10-2. Young knew at the time of trial that he would receive life without parole if found guilty of the charges as his counsel explained this to him during the discussion of the plea offer. In evaluating the sufficiency of notice this court places substance over form: "[T]he important requirement was that the defendant be given an unmistakable advance warning that the prior convictions will be used against him at sentencing so that he will have enough time to rebut

---

[8] See *Moody v. State*, 206 Ga. App. 387, 389-390 (1) (e) (425 SE2d 397) (1992).

[9] *Harper v. State*, 232 Ga. App. 224, 227 (2) (d) (501 SE2d 591) (1998).

[10] *Hand v. State*, 205 Ga. App. 467, 469 (2) (422 SE2d 316) (1992).

or explain any conviction record."[11] Moreover, we find no authority requiring the notice to be pursuant to OCGA § 17-10-7; rather, the notice requirement is outlined in OCGA § 17-10-2.[12]

Young's sentence was proper as he received sufficient notice of recidivist punishment.

4. Young contends he was denied due process because his motion for new trial was not heard promptly due to a nine-month delay in receiving the trial and sentencing transcript. The reason for the delay was not evident from the record, nor was there any evidence that the delay was brought to the court's attention. We discern no prejudice that Young may have suffered due to the delay.[13] He has not suffered any unfair prejudice in the passage of time during his incarceration under a presumptively lawful sentence.

> Unless it clearly appears that the delay in filing the transcript prevented the presentation of an adequate appeal or impaired a defense which would otherwise be available to an appellant where a new trial is ordered due to trial error, an appellant has not suffered prejudice which turns a transcript delay into a violation of due process of law.[14]

Therefore, we conclude that there was no violation of due process.
*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED AUGUST 28, 2000

*Stephen A. Delaney*, for appellant.
*Patrick H. Head, District Attorney, Maria B. Golick, Thomas A. Cole, Dana J. Norman, Assistant District Attorneys*, for appellee.

---

[11] (Citations and punctuation omitted.) *State v. Freeman*, 198 Ga. App. 553, 556 (3) (402 SE2d 529) (1991).

[12] See *Armstrong v. State*, 264 Ga. 237, 238 (1) (442 SE2d 759) (1994); *Andrews v. State*, 207 Ga. App. 352-353 (427 SE2d 841) (1993).

[13] See *Cowan v. State*, 243 Ga. App. 388, 396 (9) (531 SE2d 785) (2000).

[14] *Graham v. State*, 171 Ga. App. 242, 250-251 (7) (319 SE2d 484) (1984).