## A01A1262. CABELL v. THE STATE.
(551 SE2d 386)

JOHNSON, Presiding Judge.

On September 13, 1999, Stephen Cabell was indicted for two counts of forgery in the first degree and one count of giving a false name. He pled guilty to the charges on November 12, 1999, and was sentenced on April 7, 2000. Cabell appeals from that sentence, alleging the trial court committed harmful error when it allowed the introduction of his prior felony convictions and sentenced him as a recidivist. According to Cabell, he did not receive notice of the state's intent to use his prior felony convictions for punishment. Because we find that the state did give notice of its intent to use Cabell's prior felony convictions as evidence in aggravation of punishment, we affirm Cabell's sentence.

The record shows that the state filed a notice of intent to introduce evidence in aggravation of punishment with the superior court clerk on November 5, 1999. This notice listed nine prior felonies and included a certificate of service showing that the notice was both mailed and faxed to Cabell's attorney. Cabell contends his attorney never received the notice. The record further reveals that on November 4, 1999, the state sent a letter to Cabell's attorney offering a negotiation on the case. The letter stated, "Since this is your client's tenth felony, I am recommending to the Court to impose the maximum sentence pursuant to *OCGA § 17-10-7-C*. Specifically, I'll rec-

---

ommend that your client be sentenced to serve ten years for each of the two first degree forgery counts and twelve months on Count III which is the false name charge." Cabell argues that while the state may have given proper notice of its intent to present similar transaction evidence with this letter, it did not give notice of its intent to use those prior offenses in aggravation of punishment for this offense.

OCGA § 17-10-2 (a) provides, in part, that "only such evidence in aggravation as the state has made known to the defendant prior to the defendant's trial shall be admissible." It is not necessary that the indictment set forth all the prior offenses; however, it is necessary that the record contain an affirmative notice to the defendant that his prior felony offenses will be used against him in sentencing.[1]

Despite Cabell's denial of receipt, required service of the notice was accomplished as a matter of law. OCGA § 17-1-1 deals with filing and service of pleadings, motions and notices subsequent to the indictment and provides in subsection (b): "service shall be made upon the party's attorney . . . by delivering a copy to him or by mailing it to him at his last known address. . . . Service by mail shall be deemed complete upon mailing."[2] Thus, service in the present case was lawfully accomplished in a timely manner.

Moreover, plea bargain negotiations can serve the same purpose as the giving of notice under OCGA § 17-10-2 (a).[3] In the present case, the state's negotiation letter to Cabell clearly informed Cabell that because this offense was his tenth felony, the state was recommending that the trial court impose the maximum sentence pursuant to OCGA § 17-10-7 (c), the recidivist statute. This letter provided clear notice to Cabell that the state intended to rely on his previous felony convictions in aggravation of punishment.

The purpose behind requiring notice of the state's intent to offer evidence in aggravation of punishment is to give the defendant an unmistakable advance warning that the prior convictions will be used against him at sentencing so that he will have enough time to rebut or explain the conviction record.[4] In evaluating the sufficiency of the state's notice, this Court places substance over form.[5] Here, defense counsel was fully aware of Cabell's prior convictions and was fully aware that the state intended to seek the maximum punishment allowed because of these prior convictions. And, although Cabell denied actual notice of the intent to use his convictions in aggravation of punishment, service was lawfully accomplished in a timely

---

[1] *Ross v. State*, 210 Ga. App. 455, 458 (4) (436 SE2d 496) (1993).

[2] See *Jones v. State*, 185 Ga. App. 649, 650 (1) (366 SE2d 144) (1988).

[3] *Martin v. State*, 207 Ga. App. 861, 862 (429 SE2d 332) (1993).

[4] *Young v. State*, 245 Ga. App. 684, 686-687 (3) (538 SE2d 760) (2000).

[5] Id. at 686.

manner. Furthermore, we have held that counsel's failure to move for a continuance precludes a defendant from arguing that his counsel did not have an ample opportunity to investigate the admissibility of the prior convictions as evidence in aggravation of the sentence imposed in this case.[6] Considering all the factors in this case, plus Cabell's burden to establish not only error, but harmful error,[7] we find no basis for reversal of Cabell's sentence.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED JUNE 25, 2001 —
RECONSIDERATION DENIED JULY 12, 2001.

*James H. Potts II*, for appellant.
*Garry T. Moss, District Attorney, Jeffrey W. Frazier, Charles D. Gafnea, Assistant District Attorneys*, for appellee.

---

[6] See *Davis v. State*, 246 Ga. App. 877, 879 (3) (542 SE2d 626) (2000); *Jenkins v. State*, 235 Ga. App. 547, 549 (3) (b) (510 SE2d 87) (1998).

[7] See *Devane v. State*, 183 Ga. App. 60, 63 (2) (a) (357 SE2d 819) (1987) (physical precedent only); *Stewart v. State*, 180 Ga. App. 266, 267 (2) (349 SE2d 18) (1986).