### A01A1648. JONES v. THE STATE.
(560 SE2d 695)

MIKELL, Judge.

The Grand Jury of Echols County indicted Amory Sylvanus Jones on two counts of aggravated assault and two counts of interference with government property.[1] Jones pled guilty to one count of aggravated assault and was sentenced to ten years in confinement.[2] On appeal, Jones asserts three errors: (1) his plea was not freely and voluntarily given; (2) the trial court erred by denying his motion to withdraw his plea; and (3) the prosecution denied him the right to all exculpatory evidence in its possession. Having found no error, we affirm.

1. In his first enumeration of error, Jones argues that his plea was not voluntarily, knowingly, or wilfully given. We disagree.

> When a defendant challenges the validity of a guilty plea, the State may meet its burden of demonstrating the plea was intelligently and voluntarily entered by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill[ing] a

---

[1] Jones' charges arose out of his involvement in a high speed chase with officers of the Lowndes County Sheriff's Office. Several items were thrown at the police car from the car that Jones was driving.

[2] The trial court granted the prosecution's motion to enter nolle prosequi as to the remaining charges.

silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.[3]

"The most reliable method of perfecting the record is to conduct an inquiry into the defendant's understanding of the nature and consequences of his plea."[4]

In this case, the trial judge thoroughly inquired into Jones' understanding of the rights he waived by entering a guilty plea. He informed Jones of his right to a jury trial, the presumption of his innocence, and his right to confront his accusers and to subpoena witnesses to testify on his behalf. In each instance, Jones indicated that he understood his rights. The court ensured that Jones understood that by entering a plea of guilty, the court could proceed with the sentencing phase of the case and explained the range of the possible sentence to him. When asked whether his guilty plea was made freely and voluntarily, Jones answered affirmatively.

After the prosecution recited the facts of the case, the trial judge asked Jones, "Are you totally satisfied that if you went to trial that the evidence would be more than sufficient to convict you beyond a reasonable doubt of the charges that have been made against you?" Jones replied that he was satisfied that he would be convicted and entered his guilty plea. It is readily apparent from the record that Jones was made cognizant of the rights he waived by pleading guilty and that his plea was freely, intelligently, and voluntarily given. Accordingly, this enumeration fails.

2. Next, Jones argues that the trial court should have granted his motion for leave to withdraw his guilty plea. "The trial court's denial of a motion to withdraw a guilty plea is a matter within the court's sound discretion and will not be disturbed on appeal unless manifestly abused."[5]

Based on our finding that Jones' plea was freely and voluntarily given, we find no error in the trial court's denial of his motion. Furthermore, we agree with the prosecution that the trial court had no authority to grant Jones' motion because it was filed after the expiration of the term of court in which the sentence was entered.[6]

Jones also argues that the court's ruling on his motion was erroneous because he was denied effective assistance of counsel.[7] Ordina-

---

[3] (Citations and punctuation omitted.) *Morgan v. State*, 191 Ga. App. 367-368 (1) (381 SE2d 583) (1989).

[4] *Clowers v. Sikes*, 272 Ga. 463, 464 (532 SE2d 98) (2000).

[5] (Citations omitted.) *Swan v. State*, 251 Ga. App. 80, 81 (2) (553 SE2d 383) (2001).

[6] *Cook v. State*, 230 Ga. App. 507 (496 SE2d 785) (1998).

[7] Jones raised an ineffective assistance of counsel claim in his motion for leave to amend to withdraw his guilty plea, but there was no hearing on Jones' motion.

rily, ineffectiveness hearings are first held at the trial court.[8] "When remand would serve no useful purpose, however, the issue may be decided on the record by this Court."[9] To establish a claim of ineffective assistance of counsel in the context of a guilty plea, "a defendant must demonstrate . . . that the performance of counsel fell below an objective standard of reasonableness and . . . that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[10] "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."[11]

The court asked Jones the following questions about his attorney:

Has he gone over the case with you? . . . Has he explained to you your rights and responsibilities? . . . Has he given you an opportunity to talk to him about the case? . . . Has he done everything that you think he could or should have done in regard to representing you? . . . Has he failed to do anything that you think he could or should have done? . . . Are you perfectly satisfied with his services?

In response to each question, Jones replied, "yes." Accordingly, we conclude that Jones has not shown that but for counsel's errors, he would have chosen to proceed to trial. The transcript of Jones' plea shows clearly that Jones fully understood what he was doing when he entered the plea and that it was entered voluntarily.[12]

3. Jones contends that the prosecution violated his constitutional right to all exculpatory evidence in its possession. The exculpatory evidence in question is the affidavit of Marcus Hart, which is attached as an exhibit to Jones' motion to amend to withdraw his guilty plea. We disagree.

---

[8] See *Hutton v. State*, 192 Ga. App. 239, 241 (5) (384 SE2d 446) (1989).

[9] (Citations and punctuation omitted.) *Hardegree v. State*, 230 Ga. App. 111, 113 (4), n. 1 (495 SE2d 347) (1998).

[10] (Citations and punctuation omitted.) *Sibley v. State*, 249 Ga. App. 664-665 (550 SE2d 104) (2001).

[11] *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

[12] Jones also argues that his counsel was ineffective because he withdrew from the case without taking the steps necessary to avoid foreseeable prejudice to Jones, wilfully abandoned and disregarded legal matters, and did not advise Jones of his right to appeal. Since the plea hearing preceded these events, these actions would have had no effect on whether Jones chose to proceed to trial, which is what Jones must show to establish ineffectiveness. Moreover, we find no evidence in the record to support any of these arguments. Even if we assume that Jones' counsel did not advise him of his right to appeal, it is clear from the transcript that the court advised Jones of this right; thus, he suffered no harm.

While *Brady v. Maryland*[13] does impose an affirmative obligation upon the state to timely provide material evidence in its possession that is favorable to a defendant, the prosecution did not violate *Brady* in this case. The affidavit in question was created several months after the trial. Therefore, it could not be produced by the prosecution before trial.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED OCTOBER 2, 2001 —
RECONSIDERATION DENIED FEBRUARY 21, 2002.

Amory S. Jones, *pro se.*

*J. David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.

---

[13] 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).