A02A1523. PERSON v. THE STATE.
(571 SE2d 472)

RUFFIN, Presiding Judge.

Jeffery Person pled guilty to aggravated assault and family violence battery. Person subsequently moved to withdraw his plea, and the trial court denied the motion. Person appeals, and for reasons that follow, we affirm.

The prosecution arose out of an incident in which Person brutally attacked his former girlfriend and threatened to kill her with a gun. Person was initially indicted for battery and false imprisonment in September 2000. On June 21, 2001, the State filed a notice of aggravation stating its intent to seek recidivist punishment due to a prior felony conviction. On September 12, 2001, the grand jury

returned a second indictment charging Person with the two offenses listed under the first indictment and several additional crimes, including two counts of aggravated assault and one count each of kidnapping with bodily injury, kidnapping, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. Person pled not guilty to the charges. The State did not file a separate notice of aggravation under the second indictment, but moved the trial court to adopt the notice it filed under the first indictment. The trial court granted the State's motion.

Person's case was called for trial on December 3, 2001. Before the trial commenced, Person's appointed counsel informed the court that, against his advice, Person had rejected several plea offers. Counsel further stated that he had informed Person that he could receive a potential life sentence if convicted on all counts. The trial judge then informed Person that, in light of the notice of aggravation, he could be sentenced "to life on count one [kidnapping with bodily injury] and [possibly] 86 years consecutive to that" for the remaining counts. Person stated that he nevertheless wanted to proceed with a jury trial because he felt he was innocent.

After the State presented the testimony of its first witness, the victim, Person agreed to a negotiated plea bargain. Before accepting the plea, the trial court inquired about the factual basis for the plea and questioned both Person and his appointed counsel to ensure that Person understood the nature of the charges against him, the rights he was waiving by pleading guilty, and that he was entering the plea knowingly and voluntarily. The trial court then accepted Person's plea of guilty to one count each of aggravated assault and family violence battery and sentenced him to seven years incarceration.[1]

Person subsequently moved to withdraw his plea, arguing that he did not enter it knowingly and voluntarily and that it was the product of ineffective assistance of counsel. Following a hearing, the trial court denied Person's motion. On appeal, Person asserts that the court's ruling was erroneous. We review Person's assertions regarding the court's ruling under an abuse of discretion standard.[2]

1. Person first asserts that he was entitled to withdraw his plea because the trial court misled him to believe that he would be subject to recidivist punishment if found guilty of all the charges. According to Person, he was not subject to recidivist punishment because the State provided insufficient notice of its intent to rely on his former conviction as evidence in aggravation of punishment. We disagree.

Before the State may rely on evidence in aggravation of punish-

---

[1] Specifically, the court sentenced Person to serve seven years for aggravated assault, and twelve months, concurrently, for family violence battery.

[2] See *Jones v. State*, 253 Ga. App. 848, 849 (2) (560 SE2d 695) (2002).

ment, it must provide a defendant with clear notice of its intent.[3] In this case, the State clearly notified Person that it intended, if permitted by the court, to adopt the previously filed notice of aggravation. The State served its motion on Person, and the trial court granted the motion. Thus, we do not see how Person can claim ignorance of the State's intent. "In evaluating the sufficiency of the state's notice, this Court places substance over form."[4] Accordingly, Person's claim that he was not notified is without merit, and the trial court did not manifestly abuse its discretion in denying his motion on this ground.[5]

2. Person also asserts that he unknowingly entered his plea because the trial court misled him to believe that he could have been sentenced, as a recidivist, to life for kidnapping with bodily injury and possibly 86 years consecutive to that for the remaining counts. He contends that any convictions under the remaining counts would have merged, as a matter of law, into the kidnapping with bodily injury conviction, and the trial court neglected to inform him of that fact.

Pretermitting whether a trial court has a duty to inform a criminal defendant of a *possibility* of merger before accepting a guilty plea, Person has not established that such possibility existed in this case. He has not cited any authority for this argument or shown why the evidence would have demanded a merger of some or all of the remaining counts into the kidnapping with bodily injury conviction.[6] Furthermore, even if Person was facing a maximum sentence of life in prison, and not life plus 86 years, the transcript shows that his trial counsel informed him of that fact. In any event, after the court pronounced his sentence, Person was precluded from withdrawing his guilty plea unless such action was "necessary to correct a manifest injustice."[7] Under the circumstances presented here, "we cannot say that a manifest injustice exists . . . warranting withdrawal of [Person's] plea"[8] and, accordingly, find no abuse of discretion.[9]

3. Person next contends that he was misled because the trial court failed to inform him that the State had the burden of proving

---

[3] See OCGA § 17-10-2 (a); *Cabell v. State*, 250 Ga. App. 530, 531 (551 SE2d 386) (2001).

[4] *Cabell*, supra.

[5] See id.; *Jones*, supra. Compare *Beecher v. State*, 240 Ga. App. 457, 460 (5) (523 SE2d 54) (1999) (holding that a notice of aggravation provided before a first trial on offenses, standing alone, is insufficient to notify the defendant of the State's intent to present evidence of aggravation at a second trial for the same offenses).

[6] See *Boone v. State*, 250 Ga. App. 133, 137-138 (7) (549 SE2d 713) (2001) (convictions for multiple counts of armed robbery, aggravated assault, and kidnapping did not merge as a matter of fact or law where each count was supported by different facts).

[7] (Punctuation omitted.) *Pike v. State*, 245 Ga. App. 518, 520-521 (1) (538 SE2d 172) (2000).

[8] Id.

[9] See *Jones*, supra.

the existence of his prior conviction before it could be used as evidence in aggravation of sentencing. We are unaware of any authority, however, requiring the trial court to provide this information or characterizing the failure to provide it as a manifest injustice. Furthermore, we have reviewed the transcript of the plea hearing and find that the trial court fully informed Person of his rights and conducted the inquiry required under *Boykin v. Alabama*.[10] Among the points made clear to Person by the trial court was that, if he elected to proceed with a trial, the State would bear the burden of proof. Again, we find no manifest injustice which necessitated withdrawal of Person's plea and no abuse of discretion.[11]

4. Finally, Person asserts that the trial court erred in denying his motion because he would not have entered the plea but for his counsel's ineffectiveness. "To prevail on his ineffective assistance of counsel claim, [Person] must show that his lawyer's performance was deficient and that, but for [his] errors, there is a reasonable probability he would have insisted on going to trial."[12]

Person presents two purported deficiencies in support of his claim of ineffective assistance. First, Person claims that his decision to plead guilty was based on counsel's deficient advice that he could receive a maximum possible sentence of life plus 86 years if convicted on all counts. Presumably, Person relies on the same argument addressed in Division 2 that the actual maximum sentence was limited to life in prison for a conviction on kidnapping with bodily injury because the other offenses would have merged as a matter of law. However, Person has cited no evidence showing that trial counsel erroneously informed him of the maximum sentence, and, as stated in Division 2, the plea hearing transcript reveals that counsel informed him that he was facing a maximum sentence of life in prison. Thus, Person has not shown that counsel's performance was deficient in this regard.[13]

Person also asserts that trial counsel was ineffective for failing to subpoena certain witnesses who could corroborate his claim that he and the victim continued living together after he brutally attacked her. Sidestepping our concerns about the probative value of such testimony, it does not appear that the witnesses testified at the hearing on Person's motion to withdraw his plea. It is, therefore, impossible for Person to show how he was actually prejudiced by counsel's failure to interview or subpoena the witnesses.[14] Moreover, trial counsel

---

[10] 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).
[11] See *Pike*, supra; *Jones*, supra.
[12] *Ellis v. State*, 272 Ga. 763, 764 (1) (534 SE2d 414) (2000).
[13] See id.
[14] See *Eller v. State*, 253 Ga. App. 573, 574 (1) (560 SE2d 60) (2002).

testified at the hearing that Person never identified any fact witnesses but only character witnesses. Thus, the record does not support Person's ineffective assistance claim.

*Judgment affirmed. Barnes, J., and Pope, Senior Appellate Judge, concur.*

DECIDED SEPTEMBER 18, 2002 —

*Michael B. King*, for appellant.

*Robert E. Keller, District Attorney, Kathryn O. Pulliam, Assistant District Attorney*, for appellee.