## A04A0217. GAINER v. THE STATE.
### (599 SE2d 359)

MIKELL, Judge.

Rodney Wayne Gainer was indicted for possession of cocaine and tampering with evidence.[1] Pursuant to a negotiated plea agreement, Gainer pled guilty to possession of cocaine and was sentenced to serve six years in confinement and four years on probation. The state nolle prossed the remaining count. Gainer appeals, alleging that his plea was not knowingly and voluntarily entered. Finding no error, we affirm.

In his only enumeration of error, Gainer argues that his plea was not knowingly or intelligently given. Specifically, Gainer argues that he was not advised of his constitutional rights prior to entering the guilty plea or the consequences of entering a guilty plea.[2] We disagree.

> When a defendant challenges the validity of a guilty plea, the State may meet its burden of demonstrating the plea was intelligently and voluntarily entered by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) filling a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.

(Citation omitted.) *Jones v. State*, 253 Ga. App. 848-849 (1) (560 SE2d 695) (2001).

In this case, the record shows that the trial court conducted a plea hearing on July 21, 2003. At the hearing, Gainer acknowledged signing a "written waiver form." In that form, which is dated December 9, 2002, Gainer attested that he was not under the influence of alcohol or drugs; that his plea was not influenced by any promise or threat; that he understood that by pleading guilty, he could be imprisoned; and that he was waiving his right to trial by jury, the presumption of innocence, his confrontation rights, his right to subpoena witnesses and to testify and offer other evidence, the right

---

[1] On June 10, 2002, agents of the Albany-Dougherty Drug Unit observed Gainer outside his residence speaking with an individual on a bike. The two spoke briefly and then Gainer went into his residence and returned, holding a white object in his fingers. As the agents approached, Gainer swallowed the object. Agents obtained a search warrant for samples of Gainer's blood and urine. The samples tested positive for cocaine.

[2] Gainer contends that because he was under the impression that he would be able to withdraw his guilty plea if he was dissatisfied with the judgment and sentence, he did not fully understand the consequences of his plea.

to assistance of trial counsel, and the right against self-incrimination. Gainer also attested knowing that he had a right to withdraw his guilty plea at any time before sentence is pronounced or if the trial court did not accept or follow the negotiated plea agreement, and that he could be imprisoned for up to 31 years. The trial judge asked Gainer if his court-appointed attorney fully explained each of the matters contained in the form and answered all questions about the form. Under oath, Gainer responded affirmatively to both questions. When the trial judge asked Gainer, "Do you have any questions that you want to ask me about your legal rights before we go any further[,]" Gainer responded, "No sir." In response to the trial judge's next question, Gainer answered that he had not been promised anything or threatened in any way to enter the guilty plea.

During the hearing, Gainer's attorney told the trial judge that Gainer signed the "advice of rights form" in December 2002, and that counsel had asked Gainer before the hearing if he recalled completing the form and Gainer responded that he did. Gainer told his attorney that he did not have any additional questions about his rights and that he was waiving those rights. As verification of this fact, Gainer initialed the form and dated it July 21, 2003. Gainer's attorney also verified the waiver by signing his initials and the current date next to his original signature. The court advised Gainer of the conditions of his probation and then imposed sentence, whereupon the hearing ended.

The record also reflects that on the same date as the plea hearing, Gainer and his attorney signed the "plea and sentence recommendation," which recommended that Gainer serve six years in confinement and four years on probation.

Here, the record, which includes the "advice and waiver of rights form," shows that Gainer "was represented by counsel who advised him of all his rights and of the consequences of entering the plea." (Citation omitted.) *Wiggins v. State*, 245 Ga. App. 527, 529 (538 SE2d 180) (2000) (rejecting claim that guilty plea was not intelligently or voluntarily entered where record included the "advice and waiver of rights form"). Therefore, the state has carried its burden. But see *Johnson v. State*, 227 Ga. App. 390, 391-392 (1) (489 SE2d 138) (1997) (reversing judgment entered on guilty plea to three counts of violation of the Georgia Controlled Substances Act because the record did not show that the defendant voluntarily and intelligently subjected himself automatically to sentences of mandatory life in prison); *Parks v. State*, 223 Ga. App. 694, 695-696 (479 SE2d 3) (1996) (reversing denial of motion to withdraw guilty plea because even though the defendant signed a power of attorney giving his lawyer the right to act for him, there was no transcript of a hearing on the guilty plea or on

the motion to withdraw it, and no evidence that the defendant saw the plea form or was otherwise advised of his rights).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 14, 2004.

*Christopher S. Warren*, for appellant.

*Kenneth B. Hodges III, District Attorney, Sadhana Pandey, Assistant District Attorney*, for appellee.