## A04A2261. LYNN v. THE STATE.
(608 SE2d 542)

MILLER, Judge.

David Wiley Lynn pled guilty to three counts of child molestation based on encounters with his fourteen-year-old stepdaughter. On appeal Lynn contends that the trial court erred in (1) considering the pre-sentence investigative report in aggravation of punishment, (2) considering a medical exam that was not admitted into evidence, and

(3) insisting that he plead guilty to different charges at the sentencing hearing, thereby forcing him to incriminate himself. Having reviewed these claims, we discern no error and affirm.

The first two counts alleged that Lynn fondled the buttocks, vagina, and breasts of the victim. The third count alleged that Lynn "inserted his fingers into the vaginal area of [the victim]." On the day of the plea hearing, Lynn signed a sworn statement that he was pleading guilty to all three counts. During the hearing, the trial court asked a litany of questions to determine the voluntariness of Lynn's plea. Lynn then acknowledged that he was entering a plea of guilty. Following the State's recitation of the facts of the case, but before the close of the hearing, Lynn acknowledged that he was guilty as charged. Lynn's counsel explained that he would reserve for the sentencing hearing "an explanation of any of the facts," and that Lynn denied that he had penetrated the victim. When asked again by the court whether he was pleading guilty to all three counts, Lynn responded affirmatively but stated that he was not admitting to inserting his fingers into the victim's vagina.

During the sentencing hearing held weeks later, the trial court asked Lynn whether he still wished to plead guilty to all three counts as alleged in the indictment, to which Lynn responded, "[t]he only thing that I disagreed with, and there was no penetration of any type at any time." The trial court stated that it could not sentence Lynn unless he admitted his guilt, and that it would not accept an *Alford*[1] plea. The court also advised Lynn that he could withdraw his guilty plea if he wished and have a trial by jury. Lynn then once again entered a plea of guilty to all counts.

1. Lynn argues that the trial court erroneously gave him an ultimatum to either reenter his plea differently or have an immediate trial, and that this had the effect of forcing him to incriminate himself. The record reveals, however, that Lynn voluntarily pled guilty to all counts as alleged and then reversed course by disputing the fact that his fingers had penetrated the victim. In any case, Lynn had the opportunity to plead not guilty to the third count at his plea hearing prior to sentencing.[2] Lynn understood the consequences of his plea and made an informed decision to plead guilty to all counts against him instead of proceeding with a jury trial. Since Lynn voluntarily pled guilty to all counts as alleged in the indictment, we find no error.

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

[2] We note that although the State agreed during the plea hearing that "child molestation just by touching the vaginal area would meet the statute," (see OCGA § 16-6-4 (a)) the indictment alleged that Lynn penetrated the victim with his finger, and neither the State nor the defense has the power to amend the indictment materially. See *Gentry v. State*, 63 Ga. App. 275, 276 (11 SE2d 39) (1940).

See *Gainer v. State*, 267 Ga. App. 408, 409 (599 SE2d 359) (2004).

2. Lynn argues that the trial court erred in considering the pre-sentence investigative report in aggravation of punishment, and in considering a medical exam that was not admitted into evidence. "Trial courts are permitted to consider presentence reports when deciding whether to suspend or probate all or part of a sentence, although such reports cannot be used to determine the length of a sentence." (Punctuation and footnote omitted.) *Strange v. State*, 244 Ga. App. 635, 637-638 (2) (535 SE2d 315) (2000). Contrary to Lynn's argument, there is no evidence here that the trial court considered the pre-sentence report in aggravation of punishment. See *O'Kelley v. State*, 175 Ga. App. 503, 509 (5) (333 SE2d 838) (1985). Indeed, the trial court probated nearly half of Lynn's sentence. The sentence of fifteen years on each count to run concurrently (with eight of those years in confinement and the remaining seven years to be served on probation) was well within statutory limits. See OCGA § 16-6-4 (b); *Strange*, supra, 244 Ga. App. at 638 (2).

Since the results of the victim's medical exam were part of the pre-sentence investigative report, the court did not err in considering those results to decide whether to probate or suspend part of Lynn's sentence.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 10, 2004.

*Tommy J. Smith*, for appellant.

*Steven Askew, District Attorney, Charles D. Howard, Assistant District Attorney*, for appellee.