## A06A1982. BLEVINS v. THE STATE.
(642 SE2d 373)

RUFFIN, Judge.

A jury found William Blevins guilty of two counts of child molestation, and the trial court sentenced him to life in prison, which

---

[6] *Drogan*, supra.

apparently the court believed to be mandatory. In *Blevins v. State*,[1] we affirmed his convictions, but remanded the case in order for the trial court to exercise its discretion in sentencing Blevins.[2] On remand, the trial court, exercising its discretion, once again sentenced Blevins to life imprisonment. In his sole enumeration of error on appeal, Blevins argues that the trial court erred in imposing a life sentence because the State failed to provide him with proper notice of its intent to seek recidivist punishment. For reasons that follow, we disagree and affirm.

On appeal, Blevins argues that he received insufficient notice under OCGA § 17-10-2 (a) that the State intended to use his prior convictions in aggravation of sentencing. At the time Blevins was found guilty, this Code section read as follows:[3]

> Except in cases in which the death penalty or life without parole may be imposed, upon the return of a verdict of "guilty" by the jury in any felony case, the judge shall dismiss the jury and shall conduct a presentence hearing at which the only issue shall be the determination of punishment to be imposed. In the hearing the judge shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions and pleas of guilty or nolo contendere of the defendant, or the absence of any prior conviction and pleas, *provided that only such evidence in aggravation as the state has made known to the defendant prior to the defendant's trial shall be admissible.*[4]

Subsequent cases made clear that the language in this Code section was mandatory.[5] Here, the State undeniably provided timely written notice to Blevins's attorney that it intended to seek a life sentence based upon Blevins's prior molestation conviction. According to Blevins, the notice was nonetheless defective because the State failed to serve him personally with notice of its intent. We find this argument without merit.

Pursuant to OCGA § 17-1-1 (b) (1), "[w]here service is required to be made, the service *shall* be made upon the party's attorney unless

---

[1] 270 Ga. App. 388 (606 SE2d 624) (2004).

[2] Id. at 394-395 (5).

[3] This statute was substantially revised in July 2005.

[4] (Emphasis supplied.) OCGA § 17-10-2 (a).

[5] *Williams v. State*, 225 Ga. App. 319, 323 (8) (483 SE2d 874) (1997); *Hayes v. State*, 211 Ga. App. 801, 804 (3) (440 SE2d 539) (1994).

service upon the party himself is ordered by the court."[6] This holds true for notice of the State's intent to use prior convictions in aggravation of sentencing.[7] Here, the State notified Blevins's attorney that it intended to seek recidivist punishment. Presumably this information was communicated to Blevins, as he does not suggest that he was unaware of the State's intent in this regard. Under these circumstances, we find no basis for reversal.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 22, 2007.

*Laura A. Marcantonio*, for appellant.
*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellee.

