## A07A0314. MOON v. THE STATE.
### (649 SE2d 355)

BARNES, Chief Judge.

Quenton Moon appeals from the trial court's order denying his motion to withdraw his guilty plea. Moon contends that the trial court erred when it found that he entered his plea knowingly, intelligently and voluntarily and that he had received adequate counsel. We affirm.

The record shows that Moon and two co-defendants were indicted for armed robbery, burglary, aggravated assault, possession of a firearm or knife during the commission of certain crimes, and obstruction. On April 21, 2005, Moon and his co-defendants entered a guilty plea, reducing their charges to one count of robbery by intimidation and one count of burglary. The trial court sentenced Moon to fifteen years with seven to serve.

In May 2005, Moon sent a letter to the trial court asking permission to withdraw his guilty plea, and the court appointed counsel to represent him. Moon then filed a motion to withdraw his guilty plea, contending that the plea was not entered intelligently and voluntarily and that trial counsel was ineffective in failing to file a motion for severance and in leading Moon to believe that he could not have a separate trial. At the hearing on this motion, defense counsel withdrew the allegation of ineffective assistance of counsel, but the trial court permitted Moon's former counsel to testify nonetheless. Moon then spoke on his own behalf concerning his ineffective assistance claim. The trial court continued the hearing so that counsel and Moon could both testify.

At the second hearing, both trial counsel and Moon testified regarding the events that led to the entering of the guilty plea. At the close of the second hearing, the trial court held that Moon entered his guilty plea knowingly, intelligently, and voluntarily, and that Moon's former counsel had been adequate. In so ruling, however, the trial court addressed only counsel's failure to file a motion for severance. Although Moon claimed that trial counsel also failed to interview

---

important defense witnesses, the trial court held that Moon had waived that claim by omitting it from his written motion.

1. Moon first argues that his plea was not knowingly and voluntarily entered because he was not advised of his rights to avoid self-incrimination, to receive assistance of counsel, and to remain silent. See Uniform Superior Court Rule (USCR) 33.8. We disagree.

A guilty plea may be withdrawn only to correct a manifest injustice such as an involuntary or unintelligent plea or ineffective assistance of counsel. *State v. Evans*, 265 Ga. 332, 336 (3) (454 SE2d 468) (1995). Where the validity of a guilty plea is challenged, the State bears the burden of showing that the plea was knowingly, intelligently and voluntarily made. *Jones v. State*, 268 Ga. App. 723, 724 (1) (603 SE2d 73) (2004). "The State may do this by showing through the record of the guilty plea hearing that (1) the defendant has freely and voluntarily entered with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea." Id. A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of that discretion. Id.

The record indicates that Moon signed a Petition to Enter Guilty Plea Form ("plea form") stating that he had a right "[t]o testify or not testify . . . , that [Moon] cannot be required to testify, and if [he] choose[s] not to testify the jury cannot take that as evidence against [him]." The plea hearing transcript also indicates that Moon reviewed each question in the plea form with his attorney, understood each question he was answering, and was also given the opportunity to raise questions. The prosecutor further advised Moon at the plea hearing that he "could testify or not testify as [he] saw fit" if he chose not to accept the plea.

The plea form asked Moon who his lawyer was, whether he had enough time to talk to his lawyer, and whether his lawyer had advised him about the nature of the charges against him and any possible defenses he might have. Moon answered affirmatively to all these questions. Moon's trial counsel also signed the plea form, indicating his counsel's presence when he entered the plea agreement. Furthermore, during the plea hearing, the prosecutor asked Moon if he had enough time to discuss his case, his defenses, and any questions he had with his attorney, to which Moon answered in the affirmative. The record also shows that the prosecutor asked Moon if he understood "that [he does not] have to say anything here today if [he does not] want to." Again, Moon answered in the affirmative.

We have held that a plea statement form like the one at issue here can be used to show that a guilty plea is knowingly and voluntarily entered when the plea statement is entered into the

record and accompanied by a colloquy like that between the prosecutor and Moon in this case. See *Gainer v. State*, 267 Ga. App. 408, 409 (599 SE2d 359) (2004); *Wiggins v. State*, 245 Ga. App. 527, 528-529 (538 SE2d 180) (2000). While the record does not contain a statement by a court official explicitly telling Moon that he had the right to not "incriminate" himself, to have "assistance of counsel during trial," or to remain "silent," the State need not show that USCR 33.8 was recited to the letter to rebut an attack on a guilty plea. See *McLendon v. State*, 256 Ga. 480, 481 (2) (350 SE2d 235) (1986). If the record permits the conclusion that "the accused has a full understanding of the concepts involved, the appellate courts will not invalidate a guilty plea for failure to use the precise language" of those rights. *Hawes v. State*, 281 Ga. 822, 824 (642 SE2d 92) (2007).

The record before us indicates that Moon was adequately apprised of his rights. It follows that the trial court did not abuse its discretion when it denied Moon's motion.

2. Moon also argues that he did not receive effective assistance of counsel when counsel failed (a) to file a motion for severance and (b) to interview key witnesses. These claims lack merit.

In *Hill v. Lockhart*, 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985), the United States Supreme Court held that a defendant who pleads guilty and then seeks to withdraw his plea because of ineffective counsel must establish (1) deficient performance and (2) prejudice, as required by *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In the context of guilty pleas, prejudice is met by showing "that there is a reasonable probability that, but for counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to trial." (Punctuation omitted.) *Hopkins v. State*, 274 Ga. App. 872 (619 SE2d 368) (2005); see also *State v. Heath*, 277 Ga. 337, 338 (588 SE2d 738) (2003). Trial counsel is presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *Smith v. Francis*, 253 Ga. 782, 783-784 (325 SE2d 362) (1985). We accept the trial court's findings of fact as to ineffective assistance unless clearly erroneous. *Strickland*, supra, 466 U. S. at 698.

(a) Moon asserts that trial counsel should have filed a motion for severance from his other co-defendants, and that had Moon known that he could have had a separate trial, he would not have pled guilty. Moon's trial counsel testified, however, that he did not file for severance because one of Moon's co-defendants had already lost on the same motion. Since Moon presented no new evidence at the time of the hearing to distinguish his request for severance from his co-defendant's, the trial court assumed his motion would have been meritless and therefore did not find trial counsel's performance

deficient. Failing to file a futile or meritless motion cannot amount to ineffective assistance. *Jackson v. State*, 281 Ga. App. 83, 86 (2) (a) (635 SE2d 372) (2006).

(b) Finally, Moon contends that trial counsel was deficient in failing to interview potential defense witnesses. It is unclear whether the trial court considered this claim when denying Moon's guilty plea withdrawal, and Moon urges the court to remand back to the trial court for consideration of all relevant evidence. We are able to reach the merits of this claim on the record before us, however, and do so in the interest of judicial economy. See *Hayes v. State*, 262 Ga. 881, 883 (3) (426 SE2d 886) (1993).

Trial counsel testified that he discussed with Moon each of the State's witnesses, including all anticipated testimony and evidence that would be presented against him. Counsel also testified that he decided not to interview Moon's alleged alibi witnesses only after answering all of Moon's questions, discussing trial strategy related to those witnesses, and exploring possible defenses. Moon has also failed to proffer the evidence that would have been revealed by such interviews. Even assuming trial counsel's failure to interview the witnesses in question was deficient, Moon did not carry his burden of showing a reasonable probability that, but for the allegedly deficient performance, he would have elected to proceed to trial. See *Person v. State*, 257 Ga. App. 464, 467 (4) (571 SE2d 472) (2002).

The trial court did not err when it denied Moon's motion to withdraw his guilty plea.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED JULY 6, 2007.

*Donarell R. Green IV*, for appellant.

*Kenneth W. Mauldin, District Attorney, C. Rebecca Smith, Assistant District Attorney*, for appellee.