## A09A1059. SMITH v. THE STATE.
(680 SE2d 516)

JOHNSON, Presiding Judge.

On November 20, 2001, Lawrence Rupert Smith was indicted for four counts of child molestation, five counts of aggravated child molestation, four counts of enticing a child for indecent purposes, and one count of incest. On April 25, 2003, Smith pled guilty but mentally ill to three counts of child molestation and two counts of aggravated child molestation, and the remaining nine counts were nol prossed. On October 3, 2008, Smith filed a motion for an out-of-time appeal, which was denied by the trial court. In his pro se appeal of that order, Smith claims that his trial counsel failed to advise him of his right to appeal and that his guilty plea was not knowingly and voluntarily entered. Finding no error, we affirm the trial court's denial of Smith's motion.

> We review a trial court's denial of a motion for out-of-time appeal for an abuse of discretion. A criminal defendant who pleads guilty and then seeks an out-of-time appeal from that plea must initially show that he would have been entitled to a direct appeal because the issues he raises can be resolved by facts appearing in the record, including the transcript of his guilty plea hearing. If the defendant makes that showing, he must then show that his right to appeal was frustrated by the ineffective assistance of his counsel.[1]

---

[1] (Footnotes omitted.) *Fleming v. State*, 276 Ga. App. 491, 491-492 (1) (623 SE2d 696) (2005).

Here, Smith has failed to show, based on facts appearing in the record, that the claims of error he would have asserted in a timely direct appeal would have been meritorious. First, Smith claims that his guilty plea would have to be set aside because the trial court failed to advise him as to the effect of the plea on his immigration status.[2] However, we have previously held that the effect of a guilty plea on a resident alien's immigration status is a "collateral consequence" of the plea, and a guilty plea will not be set aside because the defendant was not advised of such a possible collateral consequence.[3]

By comparison, a guilty plea entered in ignorance of the constitutional rights waived thereby is invalid and subject to reversal under *Boykin v. Alabama*,[4] and its progeny.[5] In *Boykin*, the United States Supreme Court held that a guilty plea must be set aside unless the record of the plea colloquy or extrinsic evidence affirmatively shows that the defendant knowingly, intelligently, and voluntarily waived the right: (1) to be tried by a jury; (2) to confront his or her accusers; and (3) against self-incrimination.[6] However, even regarding rights of a constitutional magnitude, a guilty plea will not be set aside where the record as a whole demonstrates, as it does here, that the defendant understood the rights he was waiving and the possible consequences of his plea.[7]

Here, the record indicates that Smith signed an "Acknowledgment and Waiver of Rights" form in which he acknowledged understanding that his rights, among others, included (i) the right "to be tried by a jury[,]" (ii) the right "to question and cross examine" any witnesses presented by the state, either personally or through his lawyer, while the witnesses were under oath, and (iii) the right not "to say, sign, or do anything that will show or tend to show" that he was guilty. The form also provided that by placing his initials next to each question, Smith was "waiving and giving . . . up" each of those rights.

During the plea hearing, Smith acknowledged that he understood he had the right to be tried by a jury and the right not to "say, sign, or do anything" to indicate his guilt, that he understood each of the questions contained on the "Acknowledgment and Waiver of Rights" form, and that he placed his initials by each question freely and voluntarily. Smith also testified that he was satisfied with his attorney's representation, was educated through the twelfth grade,

---

[2] See OCGA § 17-7-93 (c).

[3] *McLeod v. State*, 251 Ga. App. 371, 372 (1) (554 SE2d 507) (2001).

[4] 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).

[5] *Warner v. State*, 214 Ga. App. 343, 343-344 (447 SE2d 692) (1994).

[6] *Boykin*, supra at 242-243.

[7] *Raley v. State*, 241 Ga. App. 713, 714 (1) (527 SE2d 590) (2000).

and was not under the influence of any drugs or alcohol. Smith confirmed that it was his choice to plead guilty, that no promises, force, or threats were used to influence that decision, and that he understood the nature of the charges and the sentencing ranges they carried. Finally, Smith's counsel acknowledged that a psychological examination determined that Smith was competent to plead guilty but mentally ill.

We have held that a plea statement form like the one at issue here is sufficient to establish that a guilty plea was knowingly and voluntarily entered when the plea statement is included in the record and accompanied by a colloquy like that between the trial court and Smith.[8] While the record does not contain a statement by a court official explicitly telling Smith that he had the right to not "incriminate" himself, to "confront witnesses" or to "remain[ ] silent," the state need not show that Uniform Superior Court Rule 33.8 was recited to the letter to rebut an attack on a guilty plea.[9] If the record permits the conclusion that "the accused has a full understanding of the concepts involved, the appellate courts will not invalidate a guilty plea for failure to use the precise language" of those rights.[10] Here, Smith was adequately apprised of the rights he was waiving by pleading guilty but mentally ill, and he was not entitled to revoke his guilty plea.[11]

Given that the record fails to establish that the claims of error Smith could have raised in a timely direct appeal would have been meritorious, we need not consider whether his right to appeal was frustrated by the alleged ineffective assistance of his counsel or by the failure of the trial court to inform him of such right.[12]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED JUNE 18, 2009 

Lawrence R. Smith, *pro se*.

---

[8] *Gainer v. State*, 267 Ga. App. 408, 409 (599 SE2d 359) (2004).

[9] See *McClendon v. State*, 256 Ga. 480, 481 (2) (350 SE2d 235) (1986).

[10] (Citations and punctuation omitted.) *Hawes v. State*, 281 Ga. 822, 824 (642 SE2d 92) (2007).

[11] *Moon v. State*, 286 Ga. App. 360, 362 (1) (649 SE2d 355) (2007).

[12] See *Powell v. State*, 297 Ga. App. 833, 834 (1) (c) (678 SE2d 524) (2009) (noting that "a superior court, in any event, has no duty to inform a criminal defendant that he may have a right to directly appeal convictions which result from the entry of a guilty plea") (footnote omitted).

*Rebecca A. Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.